[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The 30 year old plaintiff wife and the 27 year old defendant husband intermarried on October 6, 1990. Prior to the marriage, the defendant had been arrested for drug possession and had completed a drug rehab program in exchange for a nolle. The plaintiff knew the defendant had a previous history of drug abuse when she married the defendant. By April 27, 1991 the marriage had broken down as evidenced by the plaintiff's 14 page hand written letter addressed to and given to the defendant stating "I've had it", (Defendant's Exhibit #4). The parties' first separation occurred in June and the final separation occurred on October 5, 1991. The marriage had irretrievably broken down in less than a year.
The plaintiff had been employed by the Bank of Boston for eleven years until December 31, 1990. Her employment terminated upon her acceptance of a severance package. She remained unemployed through much of 1991. Her hourly wage at termination was $11.43. The plaintiff is in good health. Her formal education to date ended upon earning an Associate's Degree. She is presently working 21 hours weekly while receiving partial unemployment benefits which together total $318 weekly. CT Page 3712
The defendant is employed by UPS as a truck driver. He is a member of the Teamsters Union. His weekly gross is given as $710 and his net, after taxes, is approximately $500 before discretionary deductions.
Having heard all the evidence, the court enters the following judgment.
1. A decree is entered dissolving the marriage of the parties on the ground of irretrievable breakdown.
2. Each party shall retain the tangible personal property each now possesses.
3. The defendant shall continue to maintain the plaintiff on his medical coverages as provided by COBRA at his sole expense for twelve months or the plaintiff's sooner remarriage or death. After the 12 month period the plaintiff shall have the right to continue coverage at her expense.
4. The defendant shall pay the plaintiff $120 in 30 days in replacement of a medical reimbursement check that was issued to defray a bill the plaintiff had paid.
5. The defendant is ordered to pay to the plaintiff periodic alimony of $100 weekly for 39 weeks which term is non-modifiable unless terminated by the sooner marriage or death of the plaintiff. This order is secured by a wage withholding per 52-362
Connecticut General Statutes.
6. All remaining assets and liabilities of each party as on the financial affidavits shall remain the sole property of each party.
7. The plaintiff is awarded an allowance to prosecute of $1,500, one half payable in 60 days and the balance due in 120 days.
The attorney for the plaintiff is directed to draft the judgment file.
HARRIGAN, JUDGE